# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

ANTHONY TABER, )
)
      Plaintiffs, )
)
v. ) Case No. CIV-14-955-M
)
ONEBEACON AMERICA )
INSURANCE COMPANY, )
)
      Defendant. )

## COMPLAINT

COMES NOW the Plaintiff, Anthony Taber, and for his cause of action against the Defendant, OneBeacon America Insurance Company, doing business as OneBeacon Insurance, OneBeacon American Insurance Company and OneBeacon Insurance Group, LLC (hereinafter "OneBeacon". For his cause of actions, Plaintiff alleges and states as follows:

## JURISDICTION AND VENUE

1. Plaintiff, Anthony Taber, is a resident of the State of Oklahoma where he is domiciled.

2. Defendant, OneBeaco, is a foreign corporation with its principal place of business in a state other than Oklahoma.

3. The transactions and occurrences at issues in this case took place in the State of Oklahoma.

4. Plaintiff seeks damages in excess of $75,000.00. Therefore diversity, jurisdiction and venue are proper in this Court.

## FACTS

1. In 2012 Plaintiff entered into a contract with OneBeacon for occupational accident insurance.

2. Plaintiff paid premiums pursuant to the policy in exchange for the coverages within the policy.

3. Plaintiff is deemed a first-party insured under the policy.

4. In September of 2012 Plaintiff suffered a devastating injury that has left him wheelchair bound due to paralysis.

5. Defendant has been aware of the paralysis since or near its inception.

6. Plaintiff's policy provides for a paralysis benefit in the maximum sum of $250,000.00.

7. The paralysis benefit becomes eligible to the insured after 365 days after the accident or injury.

8. The paralysis benefit should be paid in full in order to meet his expectation as an insured when entering into this contract.

9. Plaintiff provided all authorizations, including a social security authorization, shortly after the accident and injury.

10. Defendant has failed to award this benefit and/or provide a determination as to the coverage despite months of requests for this determination.

11. The policy includes a continuous total disability benefit that goes into effect after the temporary total disability benefits maximum benefit period of 104 weeks ends.

12. Plaintiff has asked for confirmation of this benefit for months as he is worried this benefit will not be provided due to issues with payments in the past.

13. Plaintiff fears he will lose his home and property as a result of non-payments by OneBeacon.

## **CAUSES OF ACTION**

14. The allegations set forth in paragraphs 1 through 13 are incorporated by reference as if fully set forth herein.

15. At the time of the incident referred to in this Complaint, Anthony Taber's insurance policy with OneBeacon was in full force and effect.

16. Following notice of Anthony Taber's disability claim and injuries, OneBeacon has a contractual duty to, among other things: 1) conduct a full, fair and complete evaluation of Anthony Taber's claim; 2) disclose all applicable policy benefits to Mr. Taber; and 3) promptly pay all covered losses.

17. OneBeacon has breached its contractual duties to Mr. Taber for failing to pay all benefits due under the policy.

18. As a direct result of these acts and omissions by the Defendant, Plaintiff has been damaged in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

**INSURANCE BAD FAITH**

19. The allegations set forth in paragraphs 14 through 19 are incorporated by reference as if fully set forth herein.

20. Under the laws of the State of Oklahoma, Defendant OneBeacon owes a duty of good faith and fair dealing in its claim evaluation and payments.

21. Defendant's failure to properly respond to requests, failure to timely evaluate Mr. Taber's claim, and failure to properly pay all covered losses violates its duty of good faith and fair dealing with the Plaintiff.

22. As a direct result of these acts and omissions by the Defendant, Plaintiff has been damaged in an amount in excess of the amount required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

**PUNITIVE DAMAGES**

23. The allegations set forth in paragraphs 19 through 22 are incorporated by reference as if fully set forth herein.

24. The acts and omissions of Defendant OneBeacon were intentional and malicious with respect to their obligations to Anthony Taber. Alternatively, the acts and omissions of Defendant OneBeacon were in reckless disregards to their obligations to Anthony Taber.

25. Defendant OneBeacon should be punished for their acts and omissions in this case to serve as an example to others who might engage in the same acts or omissions.

WHEREFORE Plaintiff, Anthony Taber, requests actual damages in excess of $75,000.00, punitive damages, prejudgment interest, post-judgment interest, court costs, attorneys fees and any further relief that the Court deems just and proper against Defendant OneBeacon.

Respectfully submitted,

s/Derek S. Franseen
Micky Walsh, OBA No. 9327
Derek S. Franseen, OBA No. 30557
Beeler, Walsh & Walsh, P.L.L.C.
4508 N. Classen Boulevard
Oklahoma City, Oklahoma 73118
(405) 843-7600 - Telephone
(405) 606-7050 - Facsimile
Counsel for Plaintiff

JURY TRIAL DEMANDED
ATTORNEYS LIEN CLAIMED