# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY TABER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-14-955-M |
| | ) |
| ONEBEACON AMERICA | ) |
| INSURANCE COMPANY, | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant OneBeacon America Insurance Company's ("OneBeacon") Motion to Compel Arbitration and Stay Litigation and Brief in Support Thereof, filed September 4, 2015. On September 29, 2015, plaintiff filed his response, and on October 2, 2015, OneBeacon replied. Based on the parties' submissions, the Court makes its determination.

I.  Background

This matter involves a dispute regarding an occupational accident insurance policy ("Policy") issued by OneBeacon to policyholder Transportation Industry Trust ("Trust"). Trust issued the Policy to participating organizations, including Oklahoma Tank Lines Inc. Oklahoma Tank Lines Inc., in turn, issued the Policy to plaintiff as an insured person under the Policy. In his Amended Complaint, plaintiff alleges that in September 2012, he suffered an injury that left him wheelchair bound due to paralysis. Plaintiff further alleges that the Policy has a paralysis benefit in the maximum sum of $250,000 which becomes eligible to the insured 365 days after an accident or injury. Plaintiff alleges that he submitted all authorizations, including social security authorizations, to OneBeacon, and OneBeacon has failed to award the paralysis benefit. OneBeacon now seeks an order from this Court compelling plaintiff to arbitrate his claim,

pursuant to the arbitration clause in the Policy, and staying this litigation pending the outcome of plaintiff's claim before the American Arbitration Association ("AAA").

II.     Discussion

OneBeacon contends that the choice of law provision in the Policy, which states "This Policy is governed by the laws of the state in which it is delivered," requires the laws of the District of Columbia to govern the Policy and that under DC law arbitration is required when the parties contractually agreed to arbitrate and the claim is arbitrable. *See Jahanbein v. Ndidi Condo. Unit Owners Ass'n*, 85 A.3d 824, 827 (D.C. 2014) ("Before compelling arbitration under District of Columbia law, a court must find that the parties have an enforceable agreement to arbitrate and that the underlying dispute between the parties falls within the scope of the agreement.") (internal citation and quotations omitted). Plaintiff contends that the Policy should be governed by Oklahoma law and that the Oklahoma Uniform Arbitration Act prohibits contracts which reference insurance to be arbitrated. *See* Okla. Stat. tit. 12, § 1855(D). Further, plaintiff contends that OneBeacon waived its right to arbitration by participating in this litigation.

When a conflict of law exists, federal courts apply the conflict rules of the forum state. *See Pound v. Ins. Co. of N. Am.*, 439 F.2d 1059, 1062 (10th Cir. 1971). In this instance, the Court will look to Oklahoma's conflict of law statute to determine whether DC or Oklahoma law should be applied. In Oklahoma, "[a] contract is to be interpreted according to the law and usage of the place where it is to be performed, or, if it does not indicate a place of performance, according to the law and usage of the place where it is made." Okla. Stat. tit. 15, § 162. In this instance, the Policy did not indicate a place of performance, and specifically stated that it was governed by the laws of the state in which it was delivered, which was Washington, DC; therefore, the Court finds that the Policy should be governed by DC law.

Having carefully reviewed the parties' submissions, the Court finds that plaintiff should be compelled to submit his claim denial to arbitration, pursuant to the arbitration clause in the Policy, and further, that OneBeacon has not waived its right to arbitration. The arbitration clause within the Policy provides:

> Any contest to a claim denial under this **Policy** will be settled by arbitration administered by the American Arbitration Association in accordance with its Commercial Arbitration Rules, and judgment on the award rendered by the arbitrator(s) may be entered in any court having jurisdiction. The arbitration will occur at the offices of the American Arbitration Association nearest to the **Insured Person** or the person claiming to be the beneficiary. The arbitrator(s) will not award consequential or punitive damages in any arbitration under this section. This provision does not apply if the **Insured Person** or the person claiming to be the beneficiary is a resident of a state where the law does not allow binding arbitration in an insurance policy, but only if this **Policy** is subject to its laws. In such case, binding arbitration does not apply.
>
> This Arbitration provision permanently bars the institution of any individual or class action lawsuit brought by the **Insured Person** or beneficiary. With this binding Arbitration provision, the **Insured Person** is waving his or her right to a trial by jury.

Plf. Resp. Ex. 2, the Policy, p. 22. The Court specifically finds that the Policy between plaintiff and OneBeacon represents an unambiguous agreement to arbitrate any contest to a claim denial, and, further, that plaintiff's alleged claim that OneBeacon has failed to pay out the paralysis policy benefits constitutes a contest to a claim denial under the Policy.

Further, plaintiff contends that by engaging in this lawsuit, OneBeacon has waived its right to arbitration. In determining if a party has waived its right to arbitration, the Tenth Circuit examines the following factors:

> (1) whether the party's actions are inconsistent with the right to arbitrate; (2) whether the litigation machinery has been substantially invoked and the parties were well into preparation of a lawsuit before the party notified the opposing party of an intent to arbitrate; (3) whether a party either requested arbitration

> enforcement close to the trial date or delayed for a long period before seeking a stay; (4) whether a defendant seeking arbitration filed a counterclaim without asking for a stay of the proceedings; (5) whether important intervening steps [e.g., taking advantage of judicial discovery procedures not available in arbitration] had taken place; and (6) whether the delay affected, misled, or prejudiced the opposing party.

*Metz v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 39 F.3d 1482, 1489 (10th Cir. 1994). Plaintiff specifically contends that this matter was filed over a year ago and discovery has been underway for the last twelve (12) months, including the parties exchanging initial disclosures, OneBeacon answering discovery requests and OneBeacon requesting an independent medical examination, which plaintiff submitted to in January. OneBeacon contends that it has taken no actions inconsistent with the right to arbitrate, and responded to plaintiff's pleadings and discovery requests only as the law required. Further, OneBeacon contends that no significant preparation for litigation has occurred.

The Court finds that OneBeacon's actions have not been inconsistent with its right to arbitrate. Specifically, the Court finds that a review of the file reveals that this action was filed on September 9, 2014 by plaintiff; on September 16, 2014, plaintiff filed his Amended Complaint, and on September 30, 2014, OneBeacon filed its Answer to plaintiff's Amended Complaint and Corporate Disclosure Statement as required by the Federal Rules of Civil Procedure. On January 6, 2015, the Court entered a Scheduling Order setting this matter on the Court's October 2015 trial docket, and on June 9, 2015, the Court *sua sponte* continued this matter to its March 2016 trial docket. Outside of administrative and procedural actions, no other litigation acts have occurred in this matter. OneBeacon filed its motion to compel arbitration six (6) months prior to the scheduled trial in this action and has filed no counterclaims against plaintiff. The Court finds plaintiff will not be prejudiced by being required to arbitrate his claim

since substantial discovery has yet to take place in this matter (i.e. there have been no subpoenas served requesting the production of documents or depositions). Further, while there was approximately a one year delay from the time this action was filed to when OneBeacon sought to compel arbitration, the Court finds that this delay was not significant because virtually no litigation occurred during this timeframe.

III.     Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART OneBeacon's Motion to Compel Arbitration and Stay Litigation and Brief in Support Thereof [docket no. 15] as follows: The Court GRANTS OneBeacon's motion as to compelling this matter to arbitration, and ORDERS this matter to arbitration, and DENIES OneBeacon's motion to stay this litigation, and ADMINISTRATIVELY CLOSES this case pending the arbitration of the underlying dispute. Further, the Court DIRECTS the parties to notify the Court in writing within ten (10) days of the conclusion of the arbitration proceeding; in said notice, the parties shall advise the Court as to whether this case needs to be reopened for further proceedings.

**IT IS SO ORDERED this 24th day of November, 2015.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE